IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

M.Y.M., a minor by and
Through his mother and next friend,

VILMA PORTILLO,

                                                Plaintiff,

V.                                     Civil Action No.: _____

**WILLIAM A. CHAVIS**

Serve:      2001 Breezy Point Cir.
              Apt. 104
              North Chesterfield, VA 23235

## COMPLAINT

Plaintiff M.Y.M., a minor, by and through his mother and next friend Vilma Portillo (hereinafter "Portillo" or "Plaintiff"), by counsel, for his Complaint seeking judgment against defendant William A. Chavis ("Chavis"), states as follows:

### Jurisdiction and Venue

1. Portillo brings this action pursuant to 42 U.S.C. §1983 and §1988 giving this Court federal question jurisdiction pursuant to 28 U.S.C. §1331 and §1343(a). Pursuant to 28 U.S.C. §1367, this Court also has supplemental jurisdiction over plaintiff's common law claims asserted below as they arise out of the same transaction and occurrence that gives rise to the federal question claims such that they form part of the same case or contorversy.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 since all of the actions giving rise to Portillo's claims occurred in Chesterfield County, Virginia which lies in the Eastern District of Virginia, Richmond Division.

## The Parties

3. At all times relevant to this action, M.Y.M. was a minor, 15 years of age (hereinafter referred to as "Portillo" or "Plaintiff"), and a resident of Chesterfield County, Virginia.

4. At all times relevant to this action, Vilma Portillo was a resident of Chesterfield County, Virginia and the mother and legal guardian of M.Y.M.

5. At all times relevant to this action, Chavis was a resident of Virginia and acting under the color of Virginia state laws and statutes as a law enforcement officer employed by the Chesterfield County, Virginia police department.

## Facts Giving Rise to Cause of Action

6. In the early morning hours of October 27, 2020, Portillo was walking alone in a public park in Chesterfield County, Virginia near White Pine Road.

7. At the same time and place, Chavis was on duty as a Chesterfield County Police officer wearing his County issued uniform and badge of authority and driving in a marked Chesterfield County Police car.

8. Chavis stopped Portillo on suspicion that he was a juvenile and was out after curfew in a public park that was closed (the park closed at sundown). Portillo stopped when instructed to do so by Chavis.

9. Portillo was alone and was unarmed.

10. Chavis physically detained Portillo, advised him that he was being detained, and instructed Portillo to put his hands behind his back.

11. While attempting to place Portillo into handcuffs, Chavis began to violently pull, twist and hurt Portillo's arm. As a result, Portillo pulled his arm away in pain. Portillo never attempted to flee from Chavis or fight with Chavis.

12. When Portillo pulled his arm away in pain, Chavis suddenly and forcefully pickup Portillo up off of his feet, threw Portillo to the ground with great force and violence, and then forcefully pushed Portillo into the ground to restrain him.

13. During the entire interaction between Portillo and Chavis, Portillo did not act in a manner that posed a threat to the safety of Chavis or to anyone else. Accordingly, Chavis was not permitted to use such a level of force on Portillo.

14. As a result of Chavis forcefully throwing Portillo to the ground, Portillo suffered bodily injuries including a fractured clavicle.

15. As a result of the injuries inflicted on Portillo, he was taken to a hospital via emergency medical transportation. Chavis released Portillo to the custody of his mother, Vilma Portillo and issued a summons to M.Y.M. to appear in the Chesterfield County Juvenile and Domestic Relations District Court for a charge of being out after curfew.

16. The charges filed against Portillo were later voluntarily dismissed by the Chesterfield County Commonwealth's Attorney.

### Count I   (42 U.S.C. §1983; §1988—Unlawful Seizure by Excessive Force in Violation of the Fourth and Fourteenth Amendments)

17. Portillo hereby incorporates by reference paragraphs 1-16 of the Complaint.

18. At all times relevant to this action, Portillo had a clearly established right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from seizures effectuated through the use of excessive force by law enforcement officers acting under the color of state law.

19. Through his actions, Chavis, while acting under the color of state law and statute, unlawfully seized Portillo in that he employed excessive force by throwing Portillo violently to the ground and violently forcing him into the ground in violation of Portillo's rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

20. As a direct and proximate result of the unlawful seizure and excessive force used by Chavis, Portillo suffered bodily injuries including a fractured clavicle, bodily bruising, and great pain and suffering of mind and body.

21. As a direct and proximate result of the unlawful seizure and excessive force used by Chavis, Portillo incurred medical bills in an attempt to be cured of his injuries.

### Count II   (State Law Battery)

22. Portillo hereby incorporates by reference paragraphs 1-16 of the Complaint.

23. Chavis unlawfully battered Portillo when he threw Portillo to the ground and pressed him into the ground while he was unarmed and not engaged in any activity suggesting that he was a threat to Chavis or to anyone else. (See Gnadt v. Commonwealth, 27 Va. App. 148 (1998).

24. The actions taken by Chavis in touching Portillo and in violently throwing him onto the ground and then forcefully pushing Portillo into the ground were intentional and designed to physically harm Portillo.

25. The touching of Portillo by Chavis was without Portillo's consent, without excuse and without legal justification.

26. As a direct and proximate result of the unlawful battery of Portillo by Chavis, Portillo suffered bodily injuries including a fractured clavicle, bruising of his body, great pain and suffering of mind and body, and also incurred medical bills in an attempt to be cured of his injuries.

## Demand for Trial by Jury

27. Portillo hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Relief Sought

Portillo moves this Honorable Court to enter judgment in his favor against defendant and to award the following relief:

A. Compensatory damages in the amount of $350,000.00;

B. Punitive damages in the amount of $350,000.00;

C. An award of plaintiff's attorney's fees and costs, including expert witness fees, incurred herein pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1983.

**M.Y.M., a minor by and
Through his mother and next friend,**

**VILMA PORTILLO**


**/S/ W. Barry Montgomery**
W. Barry Montgomery, Esq.   (VSB#43042)
KPM Law
901 Moorefield Park Dr., Suite 200
Richmond, VA 23236
Tel: (804) 320-6300   Fax: (804) 320-6312
Barry.montgomery@kpmlaw.com
Counsel for Plaintiff